# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**ADAM HILL**                                                          **PLAINTIFF**
*ADC #601559*

**v.**                                    **No. 3:26-cv-00003-KGB-PSH**


**CRAIGHEAD COUNTY,** *et al.*                                    **DEFENDANTS**

## ORDER

Plaintiff Adam Hill, an inmate at the Grimes Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 5, 2026 (Doc. No. 2).  Hill was granted leave to proceed *in forma pauperis* (Doc. No. 3) and filed an amended complaint (Doc. No. 8).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court has reviewed Hill's amended complaint (Doc. No. 8).  In it, he sues Craighead County,[1] Sheriff Marty Boyd, Jail Administrator K. Bowers, Assistant

---

[1] Hill also indicates he is suing the Craighead County Detention Center and sheriff's office.  Doc. No. 8 at 8.  Neither is a suable entity.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).

Administrator Todd Harrell, and Officer S. Edwards, the jail's grievance designee. Doc. No. 8 at 1-2, 10.  He complains about the county's grievance policy and alleges that defendants Boyd, Bowers, and Harrell failed to train and supervise Edwards, who allegedly failed to adequately address his complaints regarding the living conditions in the detention center while he was incarcerated there from September 23, 2023, until December 13, 2023.  *Id.* at 8, 11-19.  Hill describes various grievances he filed regarding the alleged conditions and the alleged effects those conditions had on his health before concluding:

> Again this lawsuit is not against Marty Boyd, K. Bowers, and Mr. Harrell for subjecting plaintiff to cruel and unusual living conditions like in lawsuit Hill v. Boyd, et al. 3:25-cv-00131-DPM-JJV, this case is different.  This case speaks for itself.  Mr. Bowers and Mr. Harrell should of trained S. Edwards and supervised her dealing with inmate grievances.  Mr. Boyd should of trained Mr. Bowers and Mr. Harrell and supervised them since they were over the jail side.  Now Mr. Boyd, Mr. Bowers, Mr. Harrell, S. Edwards and CCDC did have a policy a unconstitutional jail policy, practice and custom not to assist inmates with legal paper work.

*Id.* at 19-20.[2]

Hill's amended complaint does not "speak for itself."  The bulk of it describes his Eighth Amendment conditions-of-confinement claims that are pending in another case, *Hill v. Boyd, et al.,* 3:25-cv-00131-JJV, against the same defendants, with the exception of Edwards.  In that case, Hill's claims concerning Craighead

---

[2] Hill's allegations are transcribed verbatim, except that randomly placed quotation marks have been removed.

County's grievance policy have been dismissed. In recommending those claims be dismissed, United States Magistrate Judge Joe J. Volpe explained,

> [P]risoners do not have a constitutional right to a grievance procedure or to ensure that it is correctly followed. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Instead, those are issues that may be considered when and if Defendants seek dismissal based on Plaintiff's failure to properly exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a).

*Hill v. Boyd, et al.,* Doc. No. 10; *recommendation adopted* by United States District Judge D.P. Marshall Jr. in *Order*, Doc. No. 13. Hill's claims regarding the grievance procedure are equally nonviable in this case, and his conditions-of-confinement claims are already pending in *Hill v. Boyd, et al.* He may not litigate the same claims in both cases. *See Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative complaint raising issues directly related to issues in another pending action brought by the same party" as frivolous). If Hill is attempting to raise his conditions-of-confinement claims against Edwards in this case, he must explicitly state that in a second amended complaint (and explain why he did not bring those claims against her in *Hill v. Boyd, et al.*).

Additionally, Hill states that he is suing because the jail has "an unconstitutional policy and custom not to assist inmates with legal paper work." Doc. No. 8 at 20; *see also id.* at 11. Apart from his complaints about the grievance

procedure and one instance in which he could not get his account information (presumably for an *in forma pauperis* application), he does not specifically describe any legal paperwork that he needed and could not ultimately obtain. Further, he does not describe any facts to support to a First Amendment access-to-courts claim. To state such a claim, a prisoner must show that he was "'not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, . . .'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). The prisoner must also show that an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.*

Hill will be afforded the opportunity to clarify his claims by filing a second amended complaint on the form provided. Hill is cautioned that an amended complaint will render his prior complaint and addendum without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. The Clerk of Court is directed to send Hill a blank § 1983 form. Hill is directed to follow the instructions on the § 1983 form while writing his complaint. He must also not rely on attached documentation in lieu of a short and concise statement of the facts supporting his claims. *See* Fed. Civ. Rule P. 8(d). In the event Hill fails to file an amended complaint conforming to this order within 30 days, his claims may be dismissed.

IT IS SO ORDERED this 18th day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE